# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv361-RJC-DCK

| | |
|---|---|
| DEW ELECTRIC, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MASS ELECTRIC CONSTRUCTION ) | |
| CO. and ALDRIDGE ELECTRIC, INC. ) | |
| d/b/a MASS-ALDRIDGE, a Joint ) | ORDER |
| Venture; TRAVELERS CASUALTY ) | |
| AND SURETY COMPANY OF ) | |
| AMERICA; & CONTINENTAL ) | |
| CASUALTY COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the motion for partial summary judgment filed by Mass-Aldridge, a Joint Venture ("MAJV") (Doc. No. 17) and the related briefs in support and opposition (Doc. Nos. 18, 21 & 22). The Court will **DENY** MAJV's motion as premature.

## I. BACKGROUND

MAJV, a general contractor, entered into two "Prime Contracts" with the City of Charlotte's Charlotte Area Transit System ("CATS") in 2005. In order to help fulfill its obligations under the Prime Contracts, MAJV entered into two subcontracts with DEW Electric, Inc. ("DEW"). Under those subcontracts, DEW agreed to perform a portion of the Prime Contract work.

The Prime Contracts required that the work be completed by March 2, 2007, unless delays resulted in agreements between CATS and MAJV to extend the time of completion. If extensions

were granted, CATS and MAJV would negotiate "requests for equitable adjustments" ("REAs"), in which claims for additional compensation by MAJV and its subcontractors would be negotiated and settled. MAJV had authority to settle the claims for additional compensation on behalf of its subcontractors, as long as it acted in good faith. Two such REAs were negotiated in 2007, extending the final completion date to November 27, 2007. Pursuant to these REAs, certain sums were negotiated and settled by CATS and MAJV, and MAJV then allotted its subcontractors proportions of the settled amounts.

MAJV's motion for partial summary judgment involves claims two, three, and four of the plaintiff's complaint, each involving MAJV's alleged underpayment and non-payment of REA settlement claims owed to DEW. DEW claims that MAJV underpaid it for both the first and second REAs (second and third breach of contract claims, respectively), and that MAJV received a settlement payout under a third REA, for which DEW received nothing (fourth breach of contract claim). MAJV argues the following: (1) rather than the $113,349.24 DEW seeks under claim two, DEW is only entitled to $45,000; (2) rather than the $61,225 DEW seeks under claim three, DEW is only entitled to $49,332; and (3) DEW's fourth claim is wholly without merit, because MAJV and CATS never entered into a third REA.

## II. LEGAL STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories,

2

and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the Record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677, 557 U.S. ___ (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

**III. DISCUSSION**

"[C]ourts in this Circuit and elsewhere apply the general principle that summary judgment is appropriate only after the opposing party has had 'adequate time for discovery.'" Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 928 (4th Cir. 1995) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Thus a court has discretion to deny a motion for summary judgment as premature "where the nonmoving party demonstrates that he has not had adequate time for discovery or needs additional time to complete it." Amirmokri v. Abraham, No.

06-1690, 2008 WL 484788 (4th Cir. Feb. 22, 2008). Typically, the nonmoving party must file an affidavit under Rule 56(f) articulating that "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). However, where the nonmoving party's brief in opposition "serve[s] as the functional equivalent of a [Rule 56(f)] affidavit, and if the nonmoving party was not lax in pursuing discovery," then the Court may deny a summary judgment as premature even absent a supporting affidavit. Sutton v. Roth, L.L.C., No. 08-1914, 2010 WL 235143, at *5-6 (4th Cir. Jan. 21, 2010) (citing Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002)).

The Court does not find the record developed to the point that summary judgment is warranted on count two, three, or four at this time. MAJV filed the present motion well prior to the February 15, 2010, date for completion of non-expert discovery. While MAJV has suggested that the Court need only wait until February 15, 2010, to determine these issues, such a delay on the part of the Court does not give DEW the proper chance to include in its previously filed responsive brief whatever discovery it received up through February 15. DEW was required to respond to MAJV's motion by January 25, 2010. It responded to the motion on January 27, 2010.[1] Forced to respond to the motion more than two weeks before the non-expert discovery cut-off date, DEW was unable to provide the Court whatever relevant evidence it may have developed between January 27 and February 15, 2010.

DEW has not filed a Rule 56(f) affidavit articulating the reasons summary judgment is premature, but its responsive brief clearly sets forth why it could not present facts essential to justify

---

[1] The Court does not take lightly parties' missing filing deadlines. Failure by either party to respond to a dispositive motion by the deadline may warrant a summary grant of the relief sought in a motion.

4

its position. DEW argues that it has not received the documentary evidence showing MAJV's requests for payment, what costs were added or deleted, and what was included in MAJV's final settlement price with the City. As DEW points out, such information could have bearing on whether there is a genuine issue of material fact as to each of the claims at issue in this motion, including whether MAJV exercised good faith in settling the claims.

The Court will only grant a motion for summary judgment where it is satisfied that the nonmoving party has been given a fair chance to prove there exists a genuine issue for trial. While MAJV believes it has the better of the arguments on claims two, three, and four, DEW must be given an opportunity to more fully develop its claims and arguments if the Court is to consider a motion for summary judgment.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that MAJV's motion for partial summary judgment (Doc. No. 17) is **DENIED** without prejudice as premature.

Signed: March 5, 2010

Robert J. Conrad, Jr.
Chief United States District Judge